# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMEL HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV422-240 |
| | ) |
| UNITED STATES, and CHATHAM | ) |
| COUNTY DETENTION CENTER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Jamal Henderson, a Chatham County Detention Center inmate, brings this § 1983 action against the United States and Chatham County Detention Center alleging that he is subjected to unconstitutional conditions of confinement. *See* doc. 1 at 4-5. The Prison Litigation Reform Act requires federal courts to screen all civil cases in which a prisoner seeks redress from a governmental entity or official. *See* 28 U.S.C. § 1915A. The Court must screen out any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(1) allows the Court to

1

dismiss any prisoner suit brought "with respect to prison conditions," for the same reasons stated in § 1915A. Therefore, the Court proceeds to screen Henderson's Complaint.[1]

### A.  Improper Defendants

Neither defendant that Henderson has identified can be sued under § 1983. First, the United States enjoys sovereign immunity against any such claim.[2] *See, e.g., Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007) ("Clearly, then, the federal government has not waived its sovereign immunity by consenting to suit under § 1983, inasmuch as § 1983 on its face does not and cannot apply to the actions of the federal government."). Second, jails and prisons are not entities subject to suit under § 1983. *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit."). Accordingly, any

---

[1] Plaintiff consented to proceed before the undersigned United States Magistrate Judge. *See* doc. 6.

[2] Even if the United States were not immune, Henderson's Complaint does not include any allegations implicating the United States in the allegedly unconstitutional conditions. *See* doc. 1 at 5. The absence of any factual allegation against the United States supports dismissal for failure to state a claim upon which relief may be granted. Such a defect might be amendable, as discussed below. The United States' sovereign immunity, however, precludes any § 1983 claim.

2

claims that Henderson asserts against the United States and Chatham County Detention Center are **DISMISSED**.

### B.     Conditions-of-Confinement Claims

Although Henderson has failed to identify a proper defendant, he might, nevertheless, amend his Complaint to identify one.  *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."  (citations omitted)).  The Court, therefore, proceeds to consider whether the factual allegations in Henderson's Complaint might state a claim against *any* defendant.

The allegedly unconstitutional condition that Henderson complains of is the presence of "black mold" in Chatham County Detention Center.  *See* doc. 1 at 5.   He does not allege that he has suffered any injury from the mold but reports that other inmates "*think* it has caused them trouble breathing."  *Id.* (emphasis added).   He also states that he would like a medical examination "to make sure this hazard haven't cause [sic] more serious damage to [his] health."  *Id.* at 6.   His request for relief again

indicates that he does not even allege that the presence of the mold has caused him any discernable health problem. *See id.* (stating that the "hazard" represented by the mold "effects many people . . ."). Those allegations are not sufficient to state a claim against any defendant.

Henderson's complaint about the mold is most plausibly construed as alleging a violation of the Eighth Amendment based on exposure to an unreasonable risk of future harm. Claims that prison conditions violate the Eighth Amendment by creating an unreasonable risk require a two-prong showing: an objective showing that the condition or risk is sufficiently serious, and a subjective showing that the defendants had a sufficiently culpable state of mind. *See, e.g., Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement). Henderson's Complaint is deficient on both prongs.

4

The condition Henderson alleges is not, standing alone, sufficient to satisfy the objective prong of an Eighth Amendment claim. *See, e.g., Marine v. Kelly*, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019) ("The conditions of which Plaintiff complains—the presence of black mold in the shower, dayroom, and cell—are not sufficiently serious or extreme to run afoul of the Eighth Amendment."); *Jordan v. Franks*, 2010 WL 4007641 at *2 (S.D. Ga. Aug. 30, 2010) (exposure to mold, mildew, and unpleasant smell did not sufficiently allege Eighth Amendment claim based on present harm or risk of future harm); *McIntyre v. Phillips*, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) (finding that "unsubstantiated, perceived risk of future medical issues," was not sufficient to state an Eighth Amendment violation because "some exposure to black mold is a risk that society has chosen to tolerate."). Since plaintiff has failed to satisfy the objective prong, his claims, as presently framed, are subject to dismissal. *See, e.g., Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) ("we need not consider the subjective component . . . because we conclude that the inmates . . . have failed to meet their burden under the objective component."). Henderson's

5

Complaint, therefore, fails to satisfy the objective prong of an Eighth Amendment claim, regardless of the defendant identified.

Henderson has also failed to allege sufficient facts to indicate how he might satisfy the subjective prong of his Eighth Amendment Claim. A prison official cannot be liable for inhumane conditions unless he is deliberately indifferent to them. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 836-38 (1970). Such indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Henderson's complaint does not identify any particular individual alleged to have been aware of the mold.[3]

---

[3] Liberally construed, Henderson's allegation that he filed a grievance and pointed the mold out to "several" members of the jail's staff imply that *someone* was aware of the condition. *See* doc. 1 at 5. However, as explained above, significant doubt remains about whether the mold is sufficiently serious to support the objective prong of his Eighth Amendment claim. As discussed below, he will have the opportunity to amend his Complaint. Should his amendment support the seriousness of the condition, he must allege deliberate indifference to those conditions. That is, he must make it clear that some defendant was specifically aware of and disregarded the actionable condition; no imputed or collective knowledge allegations will suffice. *See, e.g., Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) ("No liability arises under the Constitution for 'an official's failure to alleviate a significant risk that he should have perceived but did not . . . .'. [Cit.] As such, imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. [Cits.]

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins*, 620 F. App'x at 711. That's the case here. Henderson's claim might survive preliminary review if he included facts that showed that the mold presented a more distinct threat to his health and facts supporting some particular defendant's subjective knowledge of and indifference to the infirm condition. Accordingly, he is **DIRECTED** to submit an Amended Complaint no later than December 2, 2022.

To summarize, Henderson's claims against the United States and Chatham County Detention Center are **DISMISSED**. If he believes he can address the deficiencies in his Eighth Amendment claim, discussed above, he is **DIRECTED** to submit an Amended Complaint no later than December 2, 2022. Henderson is advised that his amended complaint will supersede his original pleadings and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342,

---

Each individual Defendant must be judged separately and on the basis of what that person knows.") (cites omitted).

1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Clerk is **DIRECTED** to enclose a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with the service copy of this Order for Henderson's convenience. Failure to comply with the Court's instructions may result in dismissal. *See* Fed. R. Civ. P. 41(b).

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects average monthly deposits of $90.00 over the six-month period prior to the date of his Prison Account Statement. Doc. 8. He therefore owes a $18.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside

amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

**SO ORDERED**, this 9th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] In the event Henderson is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.